

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable H. Edward Johnson
County Attorney, Hood County
Granbury, Texas

Dear Mr. Johnson:

Opinion No. O-5905
Re: Is it legal duty of
County Attorney to bring
suit for recovery of land
for county without compen-
sation therefor?

We received your recent communication and quote from
same as follows:

"* * * Is it the duty of the County At-
torney to bring a civil suit for and in behalf of
his county to recover for said county a portion of
a county road which had been fenced off by an ad-
joining land owner, who claimed such portion of
such road in controversy under deed thereto from
another person, and who also claimed the same by
limitation, and also by reason of the abandonment
of such portion of said roadway by said county?

"* * *

"About 2 years ago, a certain party who
owned land along said creek and county road fenced
in and enclosed the old creek crossing and ford as
well as the portion of the road used as a by-pass to
the main county road. This party laid claim to such
lands, and prohibited the passage of the county road
machinery and equipment thru and across the creek
crossing and ford.

"The Commissioners' Court of this county then instructed its County Attorney, by its order duly entered, to bring suit for the recovery of the lands fenced by the landowner and to remove the fences from the right of way from the old roadway or by-pass. Such suit was filed in the District Court of this county, and resulted in a judgment in favor of the county for the recovery of the roadway and for removal of the fences and other obstructions to such old roadway of by-pass.

"While the Commissioner's Court in its order provided for the payment of a fee to its County Attorney for his services in connection with the suit, a question has now arisen as to whether or not such County Attorney would be entitled under law to any compensation for his services in connection with such suit. The Commissioner's Court has now taken the position that it is the legal duty of said County Attorney, by virtue of his office to bring such suit for and in behalf of the county, without any compensation therefor.

"It is my opinion that such County Attorney owes no legal duty to the County or its Commissioner's Court to bring such suit, and that our laws do not require that a County Attorney bring any suit of this nature in behalf of his county.

"* * * *"

We note with approval that you have cited in your letter numerous authorities in support of your conclusion reached therein, namely:

City National Bank v. Presidio County, 26 S. W. 777;
Wexler v. State, 241 S. W. 231;
Duncan v. State, 67 S. W. 903;
Lattimore v. Tarrant County, 124 S. W. 205;
Attorney General's Opinion No. 0-1040;
Attorney General's Opinion No. 0-3656;
Attorney General's Opinion No. 0-4301.

As an addition to and in supplement of the above mentioned opinions of this department, which we presume you have, we are attaching hereto our Opinions No. O-3599 and No. O-225, which are also in point.

The principal purposes of the Constitution in creating the office of county attorney was to make its main function the prosecution of criminal cases. (See Brady v. Brooks, (Sup.Ct.) 89 S. W. 1052) However, the Legislature has from time to time conferred additional duties upon such office, but we are unable to discover any provision of the law requiring a county attorney to represent the county in such cases as described in your statement of facts set out herein.

Therefore, we concur in the conclusions expressed in your letter and hold further that such county attorney is entitled to reasonable compensation for his services rendered in such suit.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant

APPROVED

RLL:EP

Encl.

